Arthur S. BOWERS, Defendant below, Appellant,

v.

COOPER'S HOME FURNISHINGS CO., Inc., a corporation of the State of Delaware, Plaintiff below, Appellee.

No. 27.

Supreme Court of Delaware.

July 1, 1969.

Daniel A. Durkin, Wilmington, of Community Law Service, for defendant below, appellant.

No brief for appellee.

WOLCOTT, Chief Justice, CAREY, Justice, and BIFFERATO, Judge, sitting.

CAREY, Justice.

In this appeal from Superior Court, Arthur Bowers, defendant below, seeks reversal of an order refusing to quash an attachment of his wages by Cooper's Home Furnishings Co., Inc. (Cooper's). Cooper's had obtained a judgment by confession against the appellant upon a judgment note in the amount of $79.85, which was the purchase price for a television clock, an electric fan and a steam iron. The attachment was made under T. 10 Del.C. § 4913, which permits in New Castle County an attachment of ten per cent of a debtor's wages for "food, provisions and articles used in the home, commonly designated as the necessaries of life, and to taxes owing to the State of Delaware." The motion to quash was based upon the contention that the articles purchased do not fall within the meaning of the quoted language. The Court vacated the attachment to the extent of the cost of the clock,

but refused to do so for the price of the fan and iron.

■ It is to be observed that the statute does not limit garnishment of wages to "necessaries;" the term used is "articles used in the home, commonly designated as the necessaries of life." The distinction is important, as is demonstrated in Los Angeles Finance Co. v. Flores, 110 Cal.App. 2d Supp. 850, 243 P.2d 139. If garnishments were limited to necessaries, it would probably be incumbent upon the Court in each case to determine whether a given item was needed by the particular individual defendant. But the expression "articles—commonly designated as the necessaries of life" requires an objective, rather than a subjective, standard. The test is not what the particular defendant needs for himself or his family, but whether the articles bought are commonly considered necessities for people generally. The appellant agrees with this interpretation of the statute; it was obviously accepted by the Court below, since it made no inquiry whatever into the specific needs of this appellant. Nothing actually decided in Schwander v. Feeney's, 3 Terry 198, 29 A.2d 369, conflicts with this view.

■ It has been repeatedly pointed out that today's luxuries are tomorrow's necessities. The word "necessaries" has a variety of meanings. 65 C.J.S. p. 384. We agree that this statute should be liberally construed in favor of the wage earner. See Los Angeles Finance Co. v. Flores, supra. We do not believe, however that the Legislature intended to limit the present exception to those articles which are absolutely indispensible to sustain life. For example, one can sit or even sleep on the floor, yet most people would undoubtedly consider chairs or beds reasonably essential to the occupancy of a home. In the opinion of the trial Judge, an electric fan and a steam iron are within this same category of reasonable necessity. We cannot say that his ruling is unjustified.

The order below will be affirmed.