**G. A. C. FINANCE CORP., Successor to Pioneer Finance Co., Baltimore, Maryland, Plaintiff,**

v.

**James A. SHAVER and Mildred A. Shaver, his wife, Defendants.**

Superior Court of Delaware,
New Castle.

Oct. 26, 1970.

William J. Taylor, III (of Berg & Taylor), Wilmington, for plaintiff.

Sotiere S. Kapsalis, Wilmington, for defendants.

STIFTEL, President Judge.

Plaintiff, G.A.C. Finance Corp., financed a Cosmopolitan house trailer purchased by the defendants in 1964 for approximately $6,200. On February 22, 1965, the house trailer was repossessed and sold on March 31, 1966, for $2,500. On January 19, 1970, a judgment by confession note was entered in this Court against the defendants. On February 24, 1970, the plaintiff filed an attachment *fi fa* against the wages of the defendant, James A. Shaver, at his place of employment, the Chrysler Corporation, for the deficiency balance. Defendants move to quash the wage attachment and for a return of wrongfully attached sums.

The attachment was made under 10 Del.C. § 4913, which permits in New Castle County an attachment of ten per cent of a debtor's wages for "food, provisions and articles used in the home, commonly designated as the necessaries of life * * *".

The sole question is whether the house trailer comes within the statutory language, " * * * articles used in the home, commonly designated as the necessaries of life * * *". Defendant James A. Shaver claims that a house trailer is not included in this language. I agree.

A house trailer is simply a mobile house which serves as a dwelling. A dwelling is "a necessary" for people generally but the statute does not simply refer to "necessaries of life" but "articles used in the home, commonly designated as the necessaries of life". See Bowers v. Cooper's Home Furnishings, Del.Supr., 255 A.2d 884, 885. A house trailer, as such, is not an article used in the home. It is the home, itself, and is not included within the language of § 4913(b). This construction is in line with the policy to construe the statute in favor of the wage earner. The statutory purpose was to protect the wage earner and his family, who are largely dependent upon him for support, 31 Am.Jur. 2d, "Exemptions", § 38, and this purpose will not be defeated unless the language of the statute clearly commands its application.

I make no ruling as to articles that may be in the house trailer. The judgment was for the house trailer as such—it was not divisible.

Attachment quashed.

So ordered.